D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JULIO REDWOOD and EDUARDO REDWOOD, on behalf of themselves and all others similarly situated,

        Plaintiffs,

v.

CASSWAY CONTRACTING CORP., JS & JR CONSTRUCTION CORP., JAMES CASSIDY, JOSE LUIS SUAREZ and JACKSON RAMONE,

        Defendants.
------------------------------------------------------------x

CASE NO.

COMPLAINT

FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION

      Plaintiffs Eduardo Redwood and Juilio Redwood, on behalf of themselves and on behalf of all others similarly situated, by and through their undersigned counsel, allege as follows:

## JURISDICTION AND VENUE

    1.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

    2.    Defendants are subject to personal jurisdiction in New York.

3. Venue is proper in this District because Defendants conduct business in this District, and a substantial part of the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

*Defendants*

4. Defendant Cassway Construction Corp. ("Cassway") is a limited liability company organized and existing under the laws of New York.

5. Cassway's gross revenue each year exceeds $500,000.

6. Cassway is a carpentry construction company based out of New York City.

7. JS & JR Construction Corp. ("JS & JR") is a New York Corporation that provides subcontracting services to Cassway.

8. Cassway and JS & JR together control certain aspects of the employment of Plaintiffs, FLSA Collective members, and Class Members such that they are joint employers under the FLSA and NYLL.

9. Workers hired by both Cassway and JS & JR all sign into job sites as Cassway employees using Cassway building ID cards.

10. Workers hired by both Cassway and JS & JR are all tested for drug/alcohol use as Cassway employees.

11. Some individuals working on job sites, such as sheetrock workers, report directly to a JS & JR foreman.

12. Other individuals, such as laborers and framing workers, are paid by JS & JR and keep track of their time on JS & JR time sheets, but report to Cassway foremen.

13. These individuals can also be terminated by JS & JR. For example, Plaintiff

Eduardo Redwood, who was hired by Cassway, was ultimately terminated by Jose Luis Suarez on March 2016, because his son Julio Redwood file a workers' compensation against JS & JR.

14. Workers hired by JS & JR are supervised by Cassway employees as well.

15. Defendants Jose Luis Suarez and Jackson Ramone together own, operate and manage JS &JR.

16. Defendants Suarez and Ramone are responsible for hiring JS & JR employees, setting their rates of pay and their schedules, and keeping records of their employment.

17. Defendant James Cassidy is the founder and owns and operates Cassway.

18. Defendant Cassidy hires Cassway employees, sets their rates of pay and their schedules, and keeps records of their employment.

*Plaintiffs*

19. Plaintiff Julio Redwood was hired by JS & JR and worked for Defendants as a sheetrock foreman from approximately August 2013 until November 2015.

20. Plaintiff Eduardo Redwood was hired by Cassway and worked for Defendants as a laborer from approximately February 2015 until March 2016.

CLASS AND COLLECTIVE ALLEGATIONS

*Collective Action Allegations*

21. Plaintiffs bring the First Cause of Action on behalf of themselves and all other individuals working as sheetrock workers, framers, laborers, insulators, and tapers on Cassway projects paid through JS & JR within the last three years (the "FLSA Collective"). This is an appropriate collective or representative action under 29 U.S.C. § 216(b).

22. Plaintiffs and the other FLSA Collective members are similarly situated in that they are all subject to Defendants' common plan or practice of failing to pay them overtime

compensation.

*The Class*

23.     Plaintiffs bring the state law causes of action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all other individuals working as sheetrock workers, framers, laborers, insulators, and tapers on Cassway projects paid through JS & JR in New York state between the date that is six years before the date this Complaint is filed and the date of final judgment in this matter (the "Class").

24.     The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to the Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

25.     Upon information and belief, the size of the Class is at least 100 workers.

26.     Defendants acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

27.     The state law causes of action are properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members of the Class, including but not limited to:

   (a) whether Defendants employed Plaintiffs and the Class Members under the New York Labor Law ("NYLL");

   (b) whether Defendants refused to pay Plaintiffs and the Class members overtime pay for hours worked in excess of 40 hours per workweek;

(c) whether it was Defendants' policy or practice to fail to furnish Plaintiffs and the Class with an accurate statement of wages, hours worked, rates paid, and gross wages as required by the NYLL;

(d) whether Defendants' policy of failing to pay workers in accordance with New York law was instituted willfully or with reckless disregard of the law; and

(e) the nature and extent of class-wide injury and the measure of damages for those injuries.

28. Plaintiffs' claims are typical of the claims of the Class.

29. Plaintiffs and the members of the Class work or have worked for Defendants and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week.

30. Plaintiffs and the Class members enjoy the same statutory rights under the NYLL to be paid for all hours worked, and to be paid overtime wages.

31. Plaintiffs and the members of the Class all have sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

32. Plaintiffs and the members of the Class all have been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns.

33. Defendants acted and refused to act on grounds generally applicable to the Class, thereby making declaratory relief with respect to the Class appropriate.

34. Plaintiffs will fairly and adequately represent and protect the interests of the Class.

35. Plaintiffs understand that, as the class representatives, they assume a fiduciary responsibility to the Class to represent its interests fairly and adequately.

36. Plaintiffs recognize that as the class representatives, they must represent and consider the interests of the Class just as they would represent and consider their own interests.

37. Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor they own interests over those of the Class.

38. Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class.

39. Plaintiffs understand that in order to provide adequate representation, they must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

40. Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

41. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

42. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures.

43. Although the relative damages suffered by individual members of the Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

44. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

## FACTS

45. Plaintiffs, the FLSA Collective Plaintiffs and the NYLL Class Members perform manual labor for Defendants.

46. Plaintiff Julio Redwood typically worked 10 hours per day Monday through Friday and an additional 8 hours on Saturday.

47. Defendants paid Julio Redwood $20 per hour for all hours, including hours worked in excess of 40 in a workweek.

48. Defendants did not pay Julio Redwood any overtime premium for overtime hours.

49. Plaintiff Eduardo Redwood typically worked 10 hours per day Monday through Friday and an additional 8 hours on Saturday.

50. Plaintiff Eduardo Redwood sometimes worked an additional 8 hours on Sundays.

51. Defendants paid Eduardo Redwood $110 per day, covering his first 40 hours.

52. For hours worked in excess of 40 in a workweek, Defendants determined Plaintiff Eduardo Redwood's hourly rate by dividing his daily rate by 8 hours a day, yielding $13.75.

53. Defendants paid Plaintiff Eduardo Redwood $13.75 for hours worked in excess of forty per workweek, with no overtime premium.

54. Defendants did not provide Plaintiffs and NYLL Class members with the notices required by NYLL § 195.

55. Defendants did not provide Plaintiffs and NYLL Class members with wage statements as required by NYLL § 195.

56. Defendants' violations have been willful and intentional in that they have known all along that Plaintiffs worked more than forty hours per week and that Plaintiffs were entitled to overtime compensation.

57. Defendants committed the foregoing against the Plaintiffs, FLSA Collective members and Class Members.

## FIRST CAUSE OF ACTION
### FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*
### (On behalf of Plaintiffs and the FLSA Collective)

58. Plaintiffs re-allege and incorporate by reference the previous paragraphs as if they were set forth again herein.

59. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

60. At all times relevant, Plaintiffs and the FLSA Collective members were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a), and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

61. At all times relevant, Plaintiffs and the FLSA Collective members were or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

62. At all times relevant, Defendants have been employers of Plaintiffs and the FLSA Collective members, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

63. Defendants have failed to pay Plaintiffs and the FLSA Collective members overtime wages for hours that they worked in excess of 40 hours in a workweek.

64. Based on the foregoing, Defendants' conduct in this regard was a willful violation of the Fair Labor Standards Act and entitles Plaintiffs and all other similarly situated individuals who opt into this litigation to compensation for all overtime hours worked, liquidated damages,

post-judgment interest, and attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### New York State Overtime Violations, N.Y. Lab. L. §§ 650 *et seq.*, N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2
### (On behalf of Plaintiffs and the Class)

65. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

66. At all relevant times, Defendants have been, and continue to be, employers of Plaintiffs and the NYLL Class members, and Plaintiffs and the Class members have been employees of Defendants, within the meaning of the NYLL §§ 190, 651(5), 652 and supporting New York State Department of Labor ("NYSDOL") regulations.

67. Plaintiffs and the NYLL Class members were and are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked under the NYLL and supporting regulations.

68. Defendants have failed to pay Plaintiffs and the Class members overtime wages for hours that they worked in excess of 40 hours in a workweek.

69. Through their knowing and intentional failure to pay Plaintiffs and the members of the Class overtime for hours worked in excess of 40 in a workweek, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq.*, and supporting NYSDOL regulations.

70. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the Class members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial, liquidated damages, pre- and post-judgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

## THIRD CAUSE OF ACTION
### New York Notice Violations, NYLL §§ 195, 198
### (On behalf of Plaintiffs and the Class)

71. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

72. Defendants did not provide Plaintiffs and the Class members with the notices and/or wage statement required by NYLL § 195.

73. As a result of Defendants' unlawful conduct, Plaintiffs and the Class members are entitled to an award of damages pursuant to NYLL § 198, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

a. Designation of this action as a collective action pursuant to the FLSA and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

b. Certification of the state law claims in this action as a class action pursuant to Federal Rule of Civil Procedure 23;

c. Designation of Plaintiffs as Class Representatives;

d. A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

e. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

f. Penalties available under applicable law;

g. Restitution;

h. Pre-Judgment and Post-Judgment interest, as provided by law;

i. Costs of action incurred herein, including expert fees;

j. Attorneys' fees including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes; and

k. Such other injunctive and equitable relief as the Court may deem just and proper.

Dated: May 11, 2016
New York, NY

JOSEPH & KIRSCHENBAUM LLP

D. Maimon Kirschenbaum
32 Broadway, Suite 601
New York, NY 10004
Telephone: (212) 688-5640
Facsimile: (212) 688-2548

*Attorneys for the Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

# EXHIBIT A

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by **Cassway Contracting Corp., JS & JR Construction Corp.,** and/or related entities and/or individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

*Redwood, Julio C*
Full Legal Name (Print)

*Julio Redwood*
Signature

05-04-2016.
Date

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by **Cassway Contracting Corp., JS & JR Construction Corp.,** and/or related entities and/or individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

_Eduardo Reslewd_
Full Legal Name (Print)

_[signature]_
Signature

5/10/16
Date