LAW OFFICES OF
# MICHAEL K. CHONG LLC

1250 BROADWAY 36TH FL, SUITE 300
NEW YORK, NEW YORK 10001
**(212) 726-1104  FAX (212) 726-3104**
_____

WWW. MKCLAWGROUP.COM

| FORT LEE: | HOBOKEN: |
|---|---|
| 2 EXECUTIVE DRIVE, STE. 720 | 300 HUDSON STREET. STE. 10 |
| FORT LEE, NEW JERSEY 07024 | HOBOKEN, NEW JERSEY 07024 |
| (201) 708-6675   FAX (201) 708-6676 | (201) 203-7476   FAX (201) 708-6676 |
| *Please Reply to: FORT LEE* | DIRECT DIAL: (201) 947-5200 |
| | EMAIL: MKC@MKCLAWGROUP.COM |

October 4, 2016

<u>VIA ECF</u>

Honorable Allison J. Nathan
United States District Court
40 Foley Square
New York, New York 10007

        Re: Redwood et. al v. Cassway Contracting Corp. et. al.
           Civil Action No. 16-cv-3502 (AJN)

Dear Judge Nathan:

   I represent Defendant JS and JR Construction Corp. in the above matter, which is in the very beginning stage of the litigation.  The Initial Conference was conducted on September 9, 2016.

   I have learned from my clients that they negotiated the terms of a settlement directly with the Plaintiffs, without the involvement of counsel.  The terms of the Agreement were reduced to writing and signed and notarized by both Plaintiffs and the two principals of JS and JR Construction Corp. A copy of the "Letter of Agreement and Settlement" is enclosed herewith.

   The terms of the negotiated settlement are that Defendants will pay the Plaintiffs the sum of $15,000, and the litigation will be dismissed (with prejudice).

   In light of the early stage of the litigation, a $15,000 settlement is a fair and reasonable settlement that will save time and attorneys fees for all parties by amicably resolving the matter without discovery and litigation. The settlement will also save precious judicial resources for litigations that cannot be amicably resolved.

   Upon learning of the settlement from my clients, I advised Plaintiffs' counsel, who, like I, was previously unaware of the settlement negotiated directly between the parties. Plaintiffs' counsel has advised that notwithstanding that the settlement terms are set forth in a signed and notarized document, the settlement is unenforceable.

   My clients are a small "two man" corporation without significant funds for legal fees for extended litigation, nor do they have the ability to pay any substantial judgment. The very purpose of my clients negotiating a settlement with the plaintiffs directly, at an early stage of the litigation, was to devote what funds they can afford to pay to settlement of the case, rather than

expending legal fees for extended litigation, then being without funds for a settlement.

Thus, an early resolution of the litigation, before substantial counsel fees are incurred by any party, is in the best interests of all parties, and will maximize the amount recovered by plaintiffs.

I have proposed that the settlement terms can be memorialized in a more formal settlement agreement to be submitted to the Court, and that Plaintiffs' counsel can make application to the Court for attorneys fees, but Plaintiffs' counsel has rejected that proposal.

I therefore respectfully request that the Court schedule a conference to address this issue

                                            Respectfully submitted,

                                            /s/Michael K. Chong

                                            Michael K. Chong

cc: Denise Schulman, Esq
     Scott R. Green, Esq.