JOSEPH & KIRSCHENBAUM LLP

Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise A. Schulman | Phone (212) 688-5640 |
| Josef Nussbaum | Fax (212) 688-2548 |
| Laura Reznick | www.JK-LLP.com |

October 7, 2016

**VIA ECF**

Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

          **Re:**    **Redwood v. Cassway Contracting Corp.**
                     **No. 16 CV 3502**

Dear Judge Nathan:

       We represent the Plaintiffs in the above-referenced action.  I write in response to Defendant JS & JR Construction Corp.'s ("JS & JR") October 4, 2016 letter seeking to enforce a purported settlement agreement.

       There is no enforceable settlement agreement in this case.  The Plaintiffs have alleged FLSA claims in this action.  Under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), settlements of FLSA actions must be approved by a court as fair and reasonable before the case can be dismissed and the settlement effective.  The purported settlement agreement that has been submitted to the Court is neither fair nor reasonable.

       As set forth in the September 30, 2016 declarations of Plaintiff Eduardo Redwood ("E. Redwood Decl.") and Julio Redwood ("J. Redwood Decl.") submitted herewith, Plaintiffs did not consult with their attorneys before signing the purported settlement agreement.  (J. Redwood Decl. ¶ 10 & J. Redwood Ex. 1; E. Redwood Decl. ¶ 8 & E. Redwood Ex. 1.)  Disturbingly, and in violation of Rule 4.2 of the New York Rules of Professional Conduct, which applies to attorneys practicing before this Court, Local Civil Rule 1.5(b)(5), before the purported settlement agreement was signed JS & JR's attorney met with Julio Redwood without the presence or consent of Plaintiffs' counsel and encouraged him to settle this case.  (J. Redwood Decl. ¶¶ 2-6.)

       Likely because Plaintiffs did not consult with their own attorneys, each Plaintiff had a different understanding of the purported settlement agreement, and neither of them believed that by signing the document they were agreeing to dismiss the case.  (J. Redwood Decl. ¶ 10; E. Redwood Decl. ¶¶ 5-7.)  On the contrary, Julio Redwood believed that the purported settlement

agreement meant that if he and Eduardo decided to drop the lawsuit, Defendants Jose Luis Suarez and Jackson Ramone would pay them $15,000.  (J. Redwood Decl. ¶ 10.)  Eduardo Redwood cannot read English, and no one read the purported settlement agreement to him in Spanish before he signed it.  (E. Redwood Decl. ¶ 4.)  Consequently, he believed that if he signed the purported settlement agreement, that would prove that Defendants Suarez and Ramone owed him overtime, and this would help him win this lawsuit.  (*Id.* at ¶¶ 6-7.)   Both Plaintiffs want to continue the instant litigation rather than settling for $15,000.  (J. Redwood Decl. ¶ 11; E. Redwood Decl. ¶ 9.)

It is clear that when Plaintiffs signed the purported settlement agreement that did not intend to bind themselves to dismiss this case, and they did not want to settle this case for $15,000.  JS & JR's attempt to now enforce the purported settlement agreement exemplifies why court approval of FLSA settlements is necessary to protect vulnerable plaintiffs from being tricked into sub-par settlements by unscrupulous employers.[1]

Moreover, because Plaintiffs do not wish to settle this action for $15,000, the parties have not jointly sought dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).  Under similar circumstances, *i.e.*, "[w]hen a plaintiff's attorney asks the district court to reject a settlement agreement that was reached without the attorney's knowledge or participation[,]" the Eleventh Circuit has held, in a decision cited favorably in *Cheeks*, that a court may not approve an FLSA settlement and dismiss an action.  *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013.)  For the foregoing reasons, the parties have not agreed to a fair and reasonable settlement, and there is no enforceable settlement agreement.

We thank the Court for its attention to this matter.

Respectfully submitted,

Denise A. Schulman

cc: All Counsel (via ECF)

---

[1] Plaintiffs further note that while Defendants Suarez and Ramone, who are the owners of Defendant JS & JR, signed the purported settlement agreement, no one signed that document on behalf of Defendants Cassway Contracting Corp. and James Cassidy.  To the extent the purported settlement agreement would require Plaintiffs to dismiss claims against non-signatories, that is another reason to reject the purported settlement as unfair and unreasonable.