Law Offices of
# Michael K. Chong llc

2 Executive Drive, Ste. 720
Fort Lee, New Jersey 07024
(201) 708-6675   FAX (201) 708-6676

_____

WWW. MKCLAWGROUP.COM

| MICHAEL K. CHONG ‡ | NEW YORK: | HOBOKEN: |
|---|---|---|
| _____ | 1250 BROADWAY 36TH FL. STE. 300 | 300 HUDSON STREET. STE. 10 |
| ‡ MEMBER, NJ BAR, U.S.D.C. NEW JERSEY | NEW YORK, NEW YORK 10001 | HOBOKEN, NEW JERSEY 07030 |
| SDNY, NEW YORK | (212) 726-1104   FAX (212) 726-3104 | (201) 203-7476   FAX (201) 708-6676 |
| EDNY, NEW YORK | | |
| U.S.C.A. 2ND CIRCUIT | *Please Reply to: FORT LEE* | DIRECT DIAL: (201) 947-5200 |
| | | EMAIL: MKC@MKCLAWGROUP.COM |

October 7, 2016

*Via ECF; Total Pages: 1*
Hon. Alison Nathan, U.S.D.J.
U.S. District Court
40 Foley Square
New York, New York 10007

      Re:    Redwood v. Cassway Contracting Corp. et al.
             Docket No.: 1:16-cv-3502

Dear Judge Nathan:

This office represents Defendant JS & JR Construction Corp. in the above referenced matter. I am writing in response to Plaintiff's filings dated October 7, 2016 (Document 31 & 32).

    **1.**    **Response to Plaintiff's Filing (Document 31)**

I did have a meeting with my clients Jose Luis Suarez and Jackson Ramone on August 31, 2016 at approximately 2:00 p.m. My clients did bring an unidentified third party. I did not know my clients were bringing anyone with them. I asked who it was, and he identified himself as Eduardo Redwood. I then instructed Mr. Redwood to leave my office and wait outside my office in a separate conference room across the hall, as I advised him that I could not speak with him as he is represented by counsel. I was not aware that my clients were bringing Eduardo Redwood to my office. I did not engage in any direct communications with the Plaintiff, other than the above. I spoke to my clients only. I spoke with my clients in my office and advised them to leave and schedule an appointment to come back to my office on an alternate date, and that I would only meet with them. I further advised my clients that they should not engage in any direct communications with the Plaintiffs. My clients advised that Plaintiffs had contacted them. My clients rescheduled their appointment and came back to my office on September 22, 2016.

As to the Settlement Agreement that was signed by Plaintiffs with notarized signatures, I am concerned as to their claims that they are now denying their agreement to settle this matter, and whether anything may be affecting their statements. My clients had advised me that, on their own accord, the parties did meet, and that the parties all mutually agreed to settle this matter, and that they all signed the settlement agreement with notarized signatures.

Upon learning of this settlement document   appears to be a settlement and requested that it should be evaluated by the court. I advised Plaintiff's counsel that since there is a basic settlement agreement in place, it could be formalized, and as the settlement is early in this case, the parties could agree to Plaintiff's counsel filing an application for attorney's fees. The settlement could then be fully reviewed by the court pursuant to the *Cheeks* decision. Plaintiff's counsel responded with multiple emails seeking to deny the settlement.

I am concerned that due to the fee shifting provisions of the FLSA, that Plaintiff's counsel has an interest in not seeing this matter settle at such an early stage. The affidavits submitted by each Plaintiff have a level of sophistication that indicate guidance.

2. **Response to Plaintiff's Filing (Document 32)**

Plaintiff's counsel has also filed an additional letter dated October 7, 2016 (Document 32). It is misguided letter to the court falsely representing that I am not admitted to the SDNY. I am admitted to the SDNY. The Clerk's office of the SDNY can confirm this. If Plaintiff's counsel had simply contacted the Clerk's office, they could have confirmed, before making this misguided representation to the court.

 I can only imagine that Plaintiff's counsel is taking this tactic in their efforts to quash the Settlement Agreement that was signed by their clients.

Thank you for your kind courtesies in addressing this matter.

Respectfully submitted,

*Michael K. Chong*

Michael K. Chong, Esq.

MKC/
cc:     All counsel

2