UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

JULIO REDWOOD and EDUARDO
REDWOOD, on behalf of themselves and all
others similarly situated,

              **Plaintiffs,**

     v.                                       No. 16-cv-3502

CASSWAY CONTRACTING CORP., JS &
JR CONSTRUCTION CORP., JAMES
CASSIDY, JOSE LUIS SUAREZ, and
JACKSON RAMONE,

              **Defendants.**

-------------------------------------------------------------x

## SETTLEMENT AGREEMENT AND RELEASE

Plaintiffs Julio Redwood and Eduardo Redwood (collectively, "Plaintiffs") and Defendants Cassway Contracting Corp. and James Cassidy (collectively, the "Cassway Defendants") and Defendants JS & JR Construction Corp., Jose Luis Suarez, and Jackson Ramone (collectively, the "JS & JR Defendants," together with the Cassway Defendants, "Defendants") hereby agree upon this Settlement Agreement and Release ("Agreement") as a settlement of all issues involved herein, including Plaintiffs' claims against the Cassway and JS & JR Defendants, and the Cassway Defendants' crossclaims against the JS & JR Defendants, as follows:

**WHEREAS,** Plaintiffs have pending against Defendants an action in the United States District Court for the Southern District of New York, Case No. 16 CV 3502 (the "**Lawsuit**"), alleging various violations of the Fair Labor Standards Act (the "**FLSA**") and the New York Labor Law (the "**NYLL**")

**WHEREAS,** Defendants have filed their Answers with the Court, denying the allegations in the Complaint, denying Plaintiffs' entitlement to any relief whatsoever against Defendants, and asserting numerous affirmative defenses;

**WHEREAS,** the Cassway Defendants filed crossclaims against the JS & JR Defendants (the "**Crossclaims**");

**WHEREAS,** the Defendants and Plaintiffs wish to conserve their resources and avoid the risks presented by continued litigation and to resolve and settle fully and finally all differences between them;

**WHEREAS**, Plaintiffs' counsel of record in the Action and Defendants' counsel of record in the Action have negotiated extensively in good faith and with the assistance of Magistrate Judge Henry Pitman to reach a settlement acceptable to the Parties which constitutes a fair and reasonable compromise of each Plaintiff's claims, each of Defendants' defenses, and the Cassway Defendants' Crossclaims against the JS & JR Defendants;

**WHEREAS**, the terms of the settlement were placed on the record by counsel for the parties before Magistrate Henry Pitman, with the terms of the settlement explicitly encompassing the resolution of all claims, i.e., Plaintiffs' claims against the Cassway and JS & JR Defendants, as well as the Cassway Defendants' Crossclaims against the JS & JR Defendants;

**NOW, THEREFORE**, for and in consideration of the mutual covenants and promises herein contained and for good and valuable consideration, receipt and sufficiency of which is hereby acknowledged, it is hereby agreed as follows:

1.      **No Admission of Liability.** The parties hereto recognize and agree that Defendants do not admit and expressly deny any violation of law or any liability to any of the Plaintiffs or to anyone else arising out of or relating to the allegations raised or which could have been raised in the Complaint filed by the Plaintiffs in the Lawsuit or arising out of or relating to any of the Plaintiffs' alleged employment with or services provided to Defendants. Plaintiffs further agree that they shall not use, attempt to use or authorize the use of this Agreement in any court or administrative tribunal as indicia or evidence of any liability, wrongdoing, breach of duty or unlawful conduct of the Defendants.

2.      **Settlement Approval and Dismissal of the Lawsuit.** For and in consideration of the promises outlined in Paragraph 3 and elsewhere in this Agreement, the Plaintiffs agree to dismiss, or cause to be dismissed, the Lawsuit with prejudice by submitting this Agreement and the Stipulation and Order of Dismissal with Prejudice attached hereto as Exhibit A to the Court for approval. Plaintiffs agree to file any other or further documentation necessary to have the Lawsuit dismissed with prejudice.

3.      **Consideration.** The Cassway Defendants agree to pay Five Thousand Dollars ($5,000.00) (the "Cassway Amount") as set forth and allocated in Paragraph 4, and the JS & JR Defendants agree to pay Thirty Thousand Dollars ($30,000.00) (the "JS & JR Amount") as set forth and allocated in Paragraph 4.

4.      **Settlement Payments.** The Cassway Amount and JS & JR Amount, collectively totaling $35,000.00 (the "Settlement Sum"), are inclusive of the individual awards for each Plaintiff and attorneys' fees and costs.   "

The Settlement Sum shall be allocated as follows:

- $15,977.69 to Julio Redwood, to be paid by the JS & JR Defendants as part of the JS & JR Amount.

2

- $6,847.58 to Eduardo Redwood, to be paid by the JS & JR Defendants as part of the JS & JR Amount.

- $12,174.73 (the "JK Amount") to Joseph & Kirschenbaum LLP as attorneys' fees and costs, of which $762.10 represents costs[1] and $11,412.63 represents attorneys' fees. The Cassway Defendants shall pay $5,000 of the JK Amount, and the JS & JR Defendants shall pay $7,174.73 of the JK Amount.

All settlement checks shall be delivered to Joseph & Kirschenbaum LLP at 32 Broadway, Suite 601, New York, NY 10004, Attn: Denise Schulman, no later than fifteen (15) days after the Court's entry of an order approving this Agreement. Joseph & Kirschenbaum LLP shall be responsible for distributing the settlement checks to Plaintiffs.

5.    **Release and Dismissal of Other Claims, Administrative Complaints, or Charges.**   The Plaintiffs and each of their heirs, beneficiaries, executors, administrators, affiliates, representatives, successors, assigns, and insurers, and all those acting in concert with them hereby irrevocably and unconditionally release and forever discharge Defendants, and each of their parents, subsidiaries, divisions, affiliates, related companies, heirs, successors, assigns, present and former officers, members, agents, employees, directors, representatives, supervisors and attorneys, of and from any and all wage and hour and/or notice claims that were and/or could have been brought in this Action ("Released Claims"), including but not limited to FLSA and New York State minimum wage violations, FLSA and New York State overtime violations, New York State spread of hours violations, and New York State notice requirements. To the extent that Plaintiffs have asserted any Released Claims in any other forum, including but not limited to filing a claim, administrative complaint, charge, or action before any federal, state, or local agency, administrative body, or court, Plaintiffs will immediately withdraw those Released Claims with prejudice, and they will not file any other administrative or judicial complaints, lawsuits, charges, claims, demands, appeals, or actions against Defendants that assert any Released Claims. Released Claims do not include workers' compensation claims.

6.    **Dismissal of the Crossclaims.**   The Cassway Defendants agree to dismiss with prejudice the Crossclaims against the JS & JR Defendants asserted in the Lawsuit pursuant to the Stipulation and Order of Dismissal with Prejudice attached hereto as Exhibit A. The Cassway Defendants agree not to file claims against the JS & JR Defendants for indemnification or contribution to recover sums the Cassway Defendants have incurred in connection with the above-captioned action.

7.    **Governing Law.**   This Agreement is to be construed and governed under the laws of the State of New York, and shall bind the parties and their respective heirs, estates, successors and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect notwithstanding. The Plaintiffs acknowledge that they have not previously transferred, assigned or conveyed any right or claim released in this Agreement.

---

[1] The costs consist of the $400 filing fee, $349.20 for service of the complaint, and $12.90 for mailing expenses.

3

**8.      Status of Settlement If Case Is Not Ultimately Dismissed.**  In the event the Court fails to dismiss the Lawsuit with prejudice as contemplated by this Agreement, this Agreement shall be null and void *ab initio*.  In such case, the parties shall be returned to their respective statuses as of the date of this Agreement, and the parties shall proceed in all respects as if the Agreement had not been executed.

**9.      Attorneys' Fees and Costs.**  The parties agree not to seek any attorneys' fees, costs, or interest from each other except as provided in this Agreement.  It is further agreed that each party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement except as otherwise specifically enumerated above.

**10.      Venue.**  The parties hereto acknowledge that this Agreement is enforceable in the federal and state courts of New York. The Plaintiffs and Defendants hereby waive any pleas of improper jurisdiction or venue in the United States District Court for the Southern District of New York, and hereby specifically authorize any action brought upon the enforcement of this Agreement to be commenced or filed in the United States District Court for the Southern District of New York or any New York State Court.  Nothing herein shall operate as a waiver of service of process.

**11.      No Other Representations or Agreements.**  Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement.    This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto.  There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.

**12.      Severability.**  If any provision, covenant, term, or condition of this Agreement is held to be invalid, illegal, or unenforceable for any reason, such invalidity, illegality, or unconscionability shall not affect the validity, legality, or enforceability of any other provisions, covenants, terms, or conditions of this Agreement.

**13.      No Modification Except In Writing.**  This Agreement may not be modified or changed except in writing, signed by or on behalf of the parties, with specific reference to this Agreement.

**14.      Prevailing Party Fees.**  In the event of any litigation to enforce or regarding a breach of the terms of this Agreement and one party is found to have breached a term(s) of this Agreement, the non-breaching party shall be entitled to receive from the breaching party reasonable attorneys' fees and costs up through and including the appellate process.

**15.      Execution In Counterparts.**  This Agreement may be executed in counterparts by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.

16.     **Facsimile and Email Signatures.** Any of the Plaintiffs or Defendants may execute this Agreement by signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

DATED: __1/8/17__, 2016      Cassway Contracting Corp.

By: _JAMES CASSIDY_

Its: _PRESIDENT_

DATED: __1/3/17__, 2016      James Cassidy

_JAMES CASSIDY_

DATED: _____, 2016      JS & JR Construction Corp.

By: _____

Its: _____

DATED: _____, 2016      Jose Luis Suarez

DATED: _____, 2016      Jackson Ramone

DATED: __12/29__, 2016      Julio Redwood

_Julio Redwood_

5

16.   **Facsimile and Email Signatures.**   Any of the Plaintiffs or Defendants may execute this Agreement by signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

DATED: _____, 2016          Cassway Contracting Corp.

                                    By: _____

                                    Its: _____

DATED: _____, 2016          James Cassidy

                                    _____

DATED: __12/30/16__, 2016           JS & JR Construction Corp.

                                    By: _____

                                    Its: _____

DATED: __12/30/2016__, 2016         Jose Luis Suarez

                                    _Jose Suarez G._

DATED: __12/30/2016__ 2016          Jackson Ramone

                                    _Jackson Rw_

DATED: __12/29__, 2016              Julio Redwood

                                    _Julio Redwood_

5

DATED:  12/29  , 2016          Eduardo Redwood

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
JULIO REDWOOD and EDUARDO
REDWOOD, on behalf of themselves and all
others similarly situated,

        **Plaintiffs,**

      **v.**

CASSWAY CONTRACTING CORP., JS &
JR CONSTRUCTION CORP., JAMES
CASSIDY, JOSE LUIS SUAREZ, and
JACKSON RAMONE,

        **Defendants.**
--------------------------------------------------------x

**No. 16-cv-3502**

### STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

    IT IS HEREBY STIPULATED AND AGREED, by Plaintiffs and Defendants, by and through their undersigned counsel, that the above-captioned action has been resolved by the Parties.

    The Court has reviewed a settlement agreement and deems it fair, pursuant to the Fair Labor Standards Act § 216(b). The parties accordingly agree that the action be and is hereby dismissed, with prejudice, including all Crossclaims, and with no additional award of attorneys' fees or costs by the Court to any party. The Court retains jurisdiction to enforce the settlement.

1

Dated: New York, New York
~~December~~ , ~~2016~~ January 3, 2017


JOSEPH & KIRSCHENBAUM LLP

_____
Denise A. Schulman
32 Broadway, Suite 601
New York, NY 10004

*Attorneys for Plaintiffs*


RIVKIN RADLER LLP

_____
Scott R. Green
926 RXR Plaza
Uniondale, NY 11556-0926

*Attorneys for Defendants Cassway
Contracting Corp. and James Cassidy*


LAW OFFICES OF MICHAEL K.
CHONG, LLC

_____
Michael K. Chong
300 Hudson Street, Suite 10
Hoboken, NJ 07030

*Attorneys for Defendants JS & JR
Construction Corp., Jose Luis Suarez,
and Jackson Ramone*


SO ORDERED:

_____
Hon. Henry Pitman, U.S.M.J.


Dated:_____, 2016
       New York, New York